MURGUIA, Circuit Judge,
dissenting.
I respectfully dissent. Sully failed to file an adversary action before the applicable statute of limitations ran. Rather than seek an extension of the statute of limitations, Sully reached an agreement with the debtor, Molasky, to intervene in OneCap’s case. Following the dismissal of OneCap, the bankruptcy court properly determined that Sully could not proceed, since its claims were time barred. A court can only retain jurisdiction over an intervenor’s claims after dismissal of the original plaintiff if “the court can avoid the senseless delay and expense of a new suit, which at long last will merely bring the parties to the point where they now are.” Benavidez v. Eu, 34 F.3d 825, 830 (9th Cir.1994) (internal quotations omitted). Although Sully intervened by stipulation before another intervenor was dismissed, the stipulation did not explicitly waive the statute of limitations. Sully does not pass the Bena-videz test because dismissing its time-barred claims will not simply postpone a new suit from being brought.
Sully does not claim the bankruptcy court abused its discretion in failing to extend the statute of limitations, nor does it seek the “equitable” remedy the majority provides. Rather, Sully only claims that it satisfies the Benavidez test. For the reasons explained above, it does not. Sully elected to intervene after OneCap was dismissed. Sully did not seek an extension of the statute of limitations to as *808 sert its own claims, nor did it seek to be substituted for OneCap before its dismissal. It is not the province of this Court, at this stage, to introduce a remedy that in hindsight appears better for the appellants as a matter of equity. See, e.g., In Re Bernal, 207 F.3d 595 (9th Cir.2000) (holding that where noteholder improperly sought intervention after default where the proper remedy was substitution pursuant to Fed. R. Bankr.P. 7025, court had no remedy for the noteholder); see also, F.D.I.C. v. Deglau, 207 F.3d 153, 159 n. 2 (3d Cir.2000). I would affirm the bankruptcy court.